**Ronald GOOLSBEE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–95–174 CR.**

Court of Appeals of Texas, Beaumont.

Submitted April 8, 1996.

Decided July 10, 1996.

Edmunds Travis, Boyer, Miller & Travis, Houston, for appellant.

Tom Maness, Criminal Dist. Atty., David W. Barlow, Asst. Criminal Dist. Atty., Beaumont, for State.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

STOVER, Justice.

Appellant was convicted in a jury trial of the possession of a controlled substance, cocaine, in an amount less then twenty-eight grams by aggregate weight, including any adulterants and dilutants. The trial judge assessed punishment at 28 years confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant then timely perfected this appeal.

Appellant's sole point of error complains that his conviction should be reversed and a new trial ordered because the evidence is factually insufficient.

Appellant's brief very adroitly cites us to the lines of cases that culminated in the handing down of *Clewis v. State,* 922 S.W.2d 126 (Tex.Crim.App.1996). In *Clewis,* the court held that the proper standard of review for factual sufficiency of the elements of the offense is the "one articulated by the Third Court of Appeals in *Stone v. State,*" 823 S.W.2d 375 (Tex.App.—Austin 1992, pet. ref'd, untimely filed). *Id.* at 129. The court concluded that the *Jackson v. Virginia*[1] standard of review does not satisfy a noncapital defendant's right to an appellate review of fact questions. In reviewing the *legal* sufficiency of the evidence, an appellate court must view the evidence in a light most favorable to the verdict to determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson,* 443 U.S. at 319, 99 S.Ct. at 2789, 61 L.Ed.2d at 573. The factual sufficiency analysis "views all the evidence without the prism of 'in the light most favorable to the prosecution' ... [and] set[s] aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *Clewis,* 922 S.W.2d at 129. "In conducting a *factual* sufficiency review, an appellate court reviews the factfinder's weighing of the evidence and is authorized to disagree with the factfinder's determination. This review, however, must

---

1. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct.   2781, 61 L.Ed.2d 560 (1979).

be appropriately deferential so as to avoid an appellate court's substituting its judgment for that of the jury." (emphasis added) *Id.* at 133. Since appellant did not challenge the legal sufficiency of the evidence, we analyze the evidence under a factual sufficiency review.

■ Officer James Callesto of the Beaumont Police Department testified that shortly after midnight on the early morning hours of February 17, 1994, he had occasion to make a vehicle stop in the 3100 block of Irving Street, near the intersection of Irving and Washington Avenue. The reason for the traffic stop was failure to use a turn signal and failure to yield right-of-way. The vehicle was driven by an individual named George Washington, who was accompanied by a passenger, appellant Ronald Goolsbee. Officer Callesto then testified that another officer arrived at the scene as Officer Callesto conducted a field interview with the driver. The second officer was identified as Officer Nobles, who approached the vehicle from the rear, driver's side of the vehicle. Officer Nobles was looking into the rear of the vehicle with his flashlight and discovered a crack pipe in the car which was located behind the seat of the appellant, whereupon the two subjects were arrested for possession of drug paraphernalia. Officer Callesto testified he handcuffed appellant and then performed a search of appellant's clothing for weapons or any contraband. At that time he "discovered two small-like-off-white rock-like substances" which he believed to be crack cocaine in appellant's left, front pocket. The officer testified that appellant was wearing blue jeans at that time. The evidence is in conflict on several points.

1) Ronald Goolsbee testified that he was asked to exit the vehicle and in so doing, to pass a jacket to the officer from the inside of the vehicle.

2) Goolsbee testified that he observed Officer Baker take two rock-like objects from the jacket, which belonged to George Washington, Jr. However, Officer Baker was not even present at the traffic stop. Deputy Baker testified that he had no involvement with the arrest of the appellant wherein the cocaine was discovered. Deputy Baker testi-

fied that the only time he has arrested appellant was on a different date on a warrant for possession of a controlled substance.

3) George Washington, Jr., in a statement against self-interest admitted that there had been two rocks of crack cocaine in his jacket; that he believed the officer had taken the two rocks from the jacket; that he had been smoking crack cocaine in the vehicle earlier in the evening and that Ronald Goolsbee had no knowledge of the presence of the crack cocaine in the vehicle or in the jacket.

4) Goolsbee demonstrated to the jury that he was wearing sweat pants on the morning of the arrest, sweat pants with no pockets. However, the State produced an inventory card showing that appellant was wearing blue jeans on the night of his arrest. Appellant claims that mistakes can be made when an inventory card is completed by the jail personnel. However, appellant presents no evidence that appellant's inventory card was incorrect.

5) Goolsbee contends that it cannot be concluded that he had knowledge and control of contraband because he was not in exclusive control of the place where it was found. The State argues that appellant was in complete, exclusive, total control of his pants he was wearing wherein the cocaine was found.

■ When we conduct a factual sufficiency review, the court does not ask if any rational jury, after reviewing the evidence in the light most favorable to the prosecution, could have found the essential elements of the crime beyond a reasonable doubt. Factual sufficiency review begins with the presumption that the evidence supporting the jury's verdict was legally sufficient, i.e., constitutionally sufficient for the purposes of the Due Process Clause of the Fourteenth Amendment. Rather, we view all the evidence without the prism of "in the light most favorable to the prosecution." Because the court is not bound to view the evidence in the light most favorable to the prosecution, it may consider the testimony of defense witnesses and the existence of alternative hypotheses. The court should set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be

clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986); *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661 (1951). Before reversing a conviction on this basis, the court should detail the evidence and clearly state why the jury's verdict is so contrary to the overwhelming weight of the evidence as to be manifestly unjust, why it shocks the conscience, or why it clearly demonstrates bias; and further state how the evidence contrary to the jury's verdict overwhelmingly outweighs the evidence that supports the verdict. *Clewis*, 922 S.W.2d at 135.

The *Clewis* court held that our duty to review the facts, when properly raised, is mandatory: "When their jurisdiction to review fact questions is properly invoked, the courts of appeals cannot ignore constitutional and statutory mandates." *Id.* at 131. But while the appellate courts have the authority, and the duty, to review fact questions, great deference must be given to the jury's findings.

> But courts of appeal should use considerable restraint in exercising their power to overturn the jury's work. The Magna Charta forced King John to give rights to juries, not appellate courts.

*Peterson v. Reyna*, 908 S.W.2d 472, 478–79 (Tex.App.—San Antonio 1995), *writ granted, judgment modified on other grounds*, 920 S.W.2d 288 (Tex.1996).

With all of the above in mind, we have reviewed the entire record, including that of the defense witnesses and the existence of alternative hypotheses. While we agree there is some evidence that favors the defense, there was a great deal more evidence that favored the State, and we hold that the jury's verdict was not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Point of error one is overruled.

The judgment of the trial court is affirmed.

AFFIRMED.